

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/29/2025

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KATHLEEN M. LINNANE**
Assistant Corporation Counsel
Labor and Employment Law Division
Telephone: (212) 356-2467
Email: klinnane@law.nyc.gov

August 25, 2025

**By ECF**
Honorable Henry J. Ricardo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:   Williams v. New York City Police Department, et al.
                No. 25-cv-04390-MKV

Dear Judge Ricardo:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for the New York City Police Department ("NYPD") and City of New York ("City") (collectively, "Defendants") in the above-referenced matter. I write to respectfully request a stay of discovery pending the Court's decision on Defendants' anticipated motion to dismiss the Complaint. Plaintiff consents to this request.

    **A. Background**

      Plaintiff commenced this action on May 23, 2025. ECF No. 1. Plaintiff, a Police Officer formerly employed by the New York City Police Department ("NYPD"), retired from his NYPD employment following the Defendants' denial of his reasonable accommodation request for an exemption to the COVID-19 vaccine mandate formerly applicable to employees of the City of New York ("Vaccine Mandate"). Plaintiff alleges that in denying his reasonable accommodation request ("RA Request"), Defendants failed to accommodate his religion in violation of the New York City Human Rights Law ("CHRL"). Plaintiff also appears to allege that Defendants violated his right to freely exercise his religion, which Defendants construe as a Free Exercise Clause claim.

    **B. Defendants' Anticipated Motion to Dismiss**

      In view of Defendants' anticipated motion to dismiss, Defendants request, pursuant to Fed. R. Civ. P. 26(c), a stay of discovery. As set forth in Defendants' August 25, 2025 letter to the Court requesting a pre-motion conference (ECF No. 8), Plaintiff's CHRL claim is time-barred because Plaintiff failed to commence this matter with the three-year statute of limitations applicable to CHRL claims. N.Y.C. Code § 8-502(d). Plaintiff's CHRL claims also fail as a matter of law, because though Plaintiff alleges that Defendants failed to accommodate his religion in violation of the CHRL, Plaintiff retired from his NYPD employment, and thus was not subject to

discipline by his employer, which is a required element of a failure to accommodate claim. See Baker v. Home Depot, 445 F.3d 541, 546 (2d. Cir. 2006); Marte v. Montefiore Med. Ctr., 2022 U.S. Dist. LEXIS 186884 (S.D.N.Y. 2022). Further, even had Plaintiff been terminated as a result of his refusal to comply with the Vaccine Mandate, NYPD's enforcement of the Vaccine Mandate was not disciplinary action. Baker, 445 F.3d at 546. Instead, as an unvaccinated individual, Plaintiff was no longer qualified for his position as a City employee. See Maniscalco v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2022 NY Slip Op 30893(U) at *18 (Sup. Ct. NY Cnty. 2022) ("employee vaccination status is not a disciplinary action, but rather an employment qualification."); Garland v. N.Y.C. Fire Dep't, 574 F.Supp. 3d 120, 129 (E.D.N.Y. 2021); Gonzalez v. City of N.Y., 2024 U.S. Dist. LEXIS 56814, *19 (E.D.N.Y. 2024).

Finally, "an employee need not provide an accommodation if it 'impose[s] an undue hardship on the operation of an employer's business.'" Abdelsayed v. N.Y. Univ., 2023 U.S. Dist. LEXIS 126566, at *29 (S.D.N.Y. Jul. 24, 2023). Plaintiff's proposed accommodation would create an undue hardship, as allowing him to work unvaccinated in the community posed clear health and safety risks. As a public-facing NYPD Police Officer, Plaintiff had frequent interactions with his colleagues as well as the public citizens of the City of New York. See Garland v. N.Y. City Fire Dep't, 574 F. Supp. 3d 120, 133 (E.D.N.Y. 2021), dismissed, 665 F. Supp. 3d 295 (E.D.N.Y. 2023), aff'd, 2024 U.S. App. LEXIS 2651 (2d Cir. Feb. 6, 2024). Failure to take the necessary health and safety precautions would have prevented NYPD's ability to protect its employees and the public and prevent the further transmission of COVID-19.

To the extent that Plaintiff attempts to assert a Free Exercise Clause claim here, any such claim is also time-barred. Furthermore, any purported Free Exercise Clause claim fails because the Second Circuit has conclusively determined that the Vaccine Mandate, "in all its iterations," is neutral and generally applicable, and is, therefore, both subject to rational basis review and facially constitutional under the Free Exercise Clause. Kane v. De Blasio, 19 F.4th 152, 165 (2d Cir. 2021); see also New Yorkers for Religious Liberty Inc. v. City of New York, 121 F.4th 448, 459 (2d Cir. 2024). "Courts within the circuit have overwhelmingly, if not unanimously rejected [free exercise] challenges" to the to the City's COVID-19 vaccine mandates. Rizzo v. NYC Dep't of Sanitation, 2024 U.S. Dist. LEXIS 116666 at *17-18 (S.D.N.Y. 2024) (collecting cases); Vasquez v. City of New York, 2024 U.S. Dist. 58731, at *28-29 (E.D.N.Y. 2024) (dismissing Free Exercise challenge brought by former FDNY firefighter); Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. 2024) (dismissing Free Exercise challenge brought by former NYPD Police Officer).

### C. Defendants, on Consent, Request a Stay of Discovery

Although an anticipated dispositive motion does not require a stay of discovery, a court may grant a motion to stay discovery "upon a showing of 'good cause.'" Pappas v. City of New York, 2024 U.S. Dist. LEXIS 14171 at *2 (S.D.N.Y. 2024) (quoting Fed. R. Civ. P. 16 (b)(4)). A court may consider the following factors: "(1) whether the defendant has made a strong showing that plaintiff's claim lacks merit; (2) the breadth of the requested discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Joglo Realties, Inc. v. Dep't of Envtl. Conservation of N.Y., 2016 U.S. Dist. LEXIS 195745, at *4 (E.D.N.Y. 2016). That the non-moving party consents to a stay of discovery is not dispositive but, rather, "is only a factor to be considered." Jay Kripalani M.D., P.C. v. United Healthcare Grp., 2025 U.S. Dist. LEXIS 1073, at *4 (E.D.N.Y. Jan. 3, 2025).

Here, the aforementioned factors weigh strongly in favor of staying discovery. Plaintiff has only asserted a claim under local New York City law, and though Defendants construe

a Free Exercise Clause claim in the Complaint, these claims are both time-barred, and any purported Free Exercise Clause claim is foreclosed by binding Second Circuit precedent. New Yorkers for Religious Liberty Inc., 121 F.4th 448. Defendants intend to file their motion to dismiss the Complaint at the direction of the Court, and engaging in discovery while Defendants' motion is pending will result in the unnecessary and wasteful expenditure of time, money, and resources. See Fed. R. Civ. P. 1; see also O'Sullivan v. Deutche Bank AG, 2018 U.S. Dist. LEXIS 70418 (S.D.N.Y. Apr. 26, 2018) (staying discovery where the defendants "made a strong showing that they are likely to succeed on their motion to dismiss.")

Finally, there is minimal risk of unfair prejudice to Plaintiff, especially because Plaintiff consents to Defendants seeking this stay, and because discovery has not yet commenced. See Concern for Indep. Living, Inc. v. Town of Southampton, 2025 U.S. Dist. LEXIS 16088, at *9–10 (E.D.N.Y. Jan. 29, 2025) ("[I]t appears at this nascent stage that there would be little or no prejudice if discovery were stayed pending the motion to dismiss. Indeed, Plaintiff has consented to a stay.")

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Kathleen M. Linnane*

Kathleen M. Linnane

**Granted. SO ORDERED.**

Date: August 29, 2025
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge

cc:   All Counsel of Record (via ECF)