USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_______________
DATE FILED: 9/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN WILLIAMS,

Plaintiff,

-against-

THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK,

Defendants.

25-cv-04390 (MKV)

**ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

On May 23, 2025, Plaintiff Kevin Williams, a former New York City police officer, initiated this diversity action against Defendants the New York City Police Department ("NYPD") and the City of New York (collectively "Defendants"). [ECF No. 1]. In response to Defendants' request for a pre-motion conference concerning a contemplated motion to dismiss, [ECF No. 8], Plaintiff filed the operative Amended Complaint ("Am. Compl." or "AC"). [ECF No. 15]. The Amended Complaint asserts a single cause of action pursuant to the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101–131 ("NYCHRL"), alleging that Defendants discriminated against his religion by failing to provide him a reasonable accommodation—*i.e.*, an exemption—with respect to the COVID-19 vaccine mandate that the City implemented in October 2021. *See Am Compl.*

Before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which is supported by a memorandum of law ("Mem."). [ECF No. 20]. Plaintiff filed an opposition (Opp'n). [ECF No. 21]. Defendants filed a reply ("Reply"). [ECF No. 22]. For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND[1]

Plaintiff was hired by Defendants in 2012 as a police officer with the NYPD. AC ¶ 18. On October 20, 2021, New York City issued a vaccination mandate (the "Vaccine Mandate") requiring that all City employees "provide verification that they are vaccinated against covid-19 by October 29, 2021." AC ¶ 27. On October 27, 2021, Plaintiff requested a reasonable accommodation in the form of an exemption from the Vaccine Mandate due to his "sincere and genuine religious beliefs." AC ¶ 36. In his accommodation request, Plaintiff stated that he believes his "body was made in God's image," and that "[t]hrough my personal relationship with Christ and by turning to Him for guidance and counsel regarding the vaccination, it is my moral conviction that I should not receive the vaccination." *See* [ECF No 1-1];[2] *see also* AC ¶ 42. Plaintiff also attached a letter from his pastor, Deborah Mitchell, who averred that "[w]e hold to the belief as taught in Scripture, that the body is a temple of God where the Holy Spirit resides within a believer" and that "[t]herefore any RDNA/cellular manipulation is absolutely contrary to our beliefs as taught to us in The Holy Scriptures." [ECF No 1-1]; *see also* AC ¶¶ 38-39.

On December 14, 2021, Plaintiff's request for an accommodation based on religion was denied by the NYPD. AC ¶ 49. Thereafter, Plaintiff appealed to the New York City Vaccine Mandate Reasonable Accommodation Appeals Panel, AC ¶ 52, which denied his appeal on May 11, 2022. AC ¶ 55. On May 23, 2022, Plaintiff "received final notice" that if he did not receive

---

[1] The facts are taken from the Amended Complaint, and for purposes of resolving this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] Plaintiff failed to attach his accommodation request to his Amended Complaint but did attach it to his initial complaint. [ECF No 1-1]. Nonetheless, Plaintiff's Amended Complaint quotes directly from the submitted request and refers to it as an exhibit to the Amended Complaint. *See* AC ¶¶ 36-43. Accordingly, the Court may consider the document in connection with the motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (courts may consider the facts alleged in the complaint as well as "documents incorporated by reference in the complaint"); *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (courts may consider document on which complaint heavily relies).

the COVID-19 vaccine by June 3, 2022, he would be terminated. AC ¶ 56. As a result, Plaintiff decided to retire on some unspecified date "under duress and against his will." AC ¶ 57.

On these facts, Plaintiff asserts a single cause of action for "[f]ailure to [a]ccommodate" in violation of the NYCHRL. AC at 14. He challenges "Defendants' discrimination in the religious accommodation request procedure and their failure to provide an accommodation." AC ¶7. In addition to damages, Plaintiff seeks a declaratory judgment "that the Defendants' failure to accommodate was an unlawful discriminatory practice." AC at 22.

**LEGAL STANDARD**

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1075 (2d Cir. 2021) (citation modified). The party asserting subject matter jurisdiction has the burden of showing that it exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In considering a motion to dismiss under Rule 12(b)(1), the Court "accept[s] as true all material allegations of the complaint and . . . construe[s] the complaint in favor of the [plaintiff]." *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While the Court "must accept as true all of the allegations contained in a

complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In considering a motion to dismiss, the Court may consider the facts alleged "in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco*, 622 F.3d at 111.

## DISCUSSION

### I. Subject Matter Jurisdiction

Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332 alleging that the parties are diverse—he is a citizen of Florida[3] and Defendants are New York citizens—and that the amount in controversy exceeds $75,000. AC ¶¶ 17, 20-21, 24. With respect to the amount in controversy, Plaintiff seeks damages in excess of $75,000 for "severe mental anguish and emotional depression" as well as "loss of past and future earnings, compensation and benefits, increases, promotions, bonuses, and other employment benefits." AC ¶¶ 106-107. Defendants argue that the Court lacks subject matter because Plaintiff offers only a conclusory statement that the amount in controversy requirement is met. Mem. at 3. This argument fails; Plaintiff has adequately plead diversity jurisdiction.

There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). The Second Circuit has set a "high bar" for overcoming this presumption. *Scherer*, 347 F.3d at 397. To overcome the presumption, the party

[3] At the time the case commenced, Plaintiff alleged that he is a citizen of Florida. AC ¶ 17.

opposing jurisdiction must show "to a legal certainty" that the amount recoverable is below the jurisdictional threshold of $75,000. *Wolde-Meskel*, 166 F.3d at 63*; see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–289 (1938).

Here, Defendants have made no showing whatsoever that the amount in controversy is less than $75,000. Defendants essentially abandon this argument by not addressing it in their Reply in the face of Plaintiff's argument that his good-faith claim for emotional and economic damages exceeds $75,000. Moreover, contrary to Defendants' argument, Plaintiff does not offer mere conclusory allegations concerning the amount in controversy but rather alleges that his various emotional and economic damages that he ties to Defendants' conduct exceed $75,000.

In short, Defendants have not come close to meeting the high bar for overcoming the presumption that Plaintiff has made a good faith representation of the amount in controversy. *Scherer*, 347 F.3d at 397. Since Defendants cannot show to a legal certainty that the amount in controversy is less than $75,000, their motion to dismiss for lack of subject matter jurisdiction is denied. The Court properly has diversity jurisdiction over this action under 28 U.S.C. § 1332.

**II. The New York City Police Department Is An Improper Defendant**

Defendants argue that the NYPD must be dismissed because legally it is an agency not capable of being sued and thus not a proper Defendant. Mem. at 3-4. Plaintiff does not respond to this argument. *See generally* Opp'n. Defendants are correct that the NYPD, as an agency of New York City, is not amenable to suit but rather any claim properly lies against the City of New York. *See* N.Y. City Charter § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Kola v. City of New York*, 245 A.D.3d 513, 513, 250 N.Y.S.3d 478, 480 (1st Dep't 2026) ("[W]e find that the claims were properly dismissed

as against defendant police department, which is not an entity amenable to suit."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City.").

Accordingly, the NYPD is dismissed from this case.

**III. Plaintiff's Failure To Accommodate Claim Is Time-Barred**

Plaintiff's first and only cause of action is brought under the NYCHRL and is premised on Defendants' alleged discriminatory failure to accommodate his religious beliefs by denying him an exemption from the Vaccine Mandate. *See generally* AC.

The NYCHRL provides that "[a] civil action commenced under this section must be commenced within three years after the alleged unlawful discriminatory practice or act . . . occurred." N.Y.C. Admin. Code § 8-502(d); *see also Statuto v. NIKE, Inc.*, No. 23-cv-1788 (ALC), 2024 WL 1380810, at *2 (S.D.N.Y. Mar. 29, 2024). Because Plaintiff initiated this case on May 23, 2025, any claims based on discriminatory acts that occurred before May 23, 2022, are time-barred.

Defendants argue that Plaintiff's claim is time-barred because the claim accrued outside the three-year limitations period on May 11, 2022, which is the date on which Plaintiff received notice of the denial of his appeal for a reasonable accommodation. Mem. at 4-5; Reply at 2-3. Plaintiff argues his claim is timely because it was commenced within three years of the self-described "Termination Letter" that he received on May 23, 2022 providing him "final notice" that he would be terminated if he did not get vaccinated by June 3, 2022, which letter prompted him to retire. Opp'n at 13; AC ¶ 56.

A failure to accommodate a request for accommodation is a discrete act that triggers the statute of limitations period. *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 134-35 (2d Cir.

2003); *Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 302 (S.D.N.Y. 2016). In *Elmenayer*, the Second Circuit, in addressing reasonable accommodation claims under Title VII, held that "the rejection of a proposed accommodation is a single completed action when taken" and thus triggers the statute of limitations even if "the *effect* of the employer's rejection continues to be felt by the employee for as long as he remains employed." *Elmenayer*, 318 F.3d at 135 (emphasis in original). Numerous courts in this district have applied *Elmenayer*'s rationale to failure to accommodate claims under the NYCHRL. *See, e.g.*, *McCaffrey v. New York City*, No. 1:25-cv-06528 (JLR), 2026 WL 2124796, at *5 (S.D.N.Y. July 23, 2026); *Atherley v. New York City Dep't of Educ.*, No. 23-cv-383 (JGLC), 2024 WL 1345741, at *10 (S.D.N.Y. Mar. 29, 2024); *Statuto*, 2024 WL 1380810, at *2.

Here, the alleged discriminatory "practice or act" about which Plaintiff complains is Defendants' denial of his request for a reasonable accommodation on the basis of his religion exempting him from having to receive the COVID-19 vaccine. *See* AC ¶¶ 7 ("Plaintiff is challenging the Defendants' discrimination in the religious accommodation request procedure and their failure to provide an accommodation to Plaintiff"), 79 ("Defendants failed to provide Plaintiff with a reasonable accommodation of his religious observance, practice, and belief."), 101-102. Indeed, in addition to damages, the relief Plaintiff seeks is "[a] declaratory judgment that the Defendants' failure to accommodate was an unlawful discriminatory practice under the New York City Human Rights Law." AC at 22.

The sole discriminatory act alleged in the Amended Complaint occurred no later than May, 11, 2023 when Plaintiff had notice of the allegedly discriminatory denial of his accommodation request. Numerous courts in this Circuit have similarly ruled in the context of denials of accommodation requests, some of which specifically ruled in the context of denials of requests for

exemptions from COVID-19 vaccine mandates. *See, e.g.*, *McCaffrey*, 2026 WL 2124796, at *5 (finding NYCHRL claim of religious discrimination for failure to provide reasonable accommodation concerning New York City's vaccine mandate to be time-barred where plaintiff received notice of the denial of her request more than three years before brining suit, and collecting cases); *Matyas v. Dep't of Educ.*, No. 25-cv-01861 (OEM) (MMH), 2026 WL 1194714, at *6 (E.D.N.Y. May 1, 2026) (concluding, where "[p]laintiffs allege[d] that they were discriminated against by [d]efendants' failure to accommodate them when [d]efendants denied [plaintiffs'] religious exemption requests," plaintiffs' "claims accrued on the date when their exemption requests were denied"); *see also Atherley*, 2024 WL 1345741, at *10 (failure to accommodate claim under NYCHRL accrued on date where defendant denied accommodation request); *Liboy v. Russ*, No. 22-cv-10334 (VM), 2023 WL 6386889, at *6 (S.D.N.Y. Sept. 29, 2023) ("Liboy's causes of action under his Reasonable Accommodation Claims accrued on or about December 2018, when he was informed by NYCHA's letter notice that he would be removed from the waitlist" for a transfer to a different apartment to accommodate his disabilities).

Since Plaintiff's claim for failure to accommodate accrued on May 11, 2022 when Defendants denied his request for a religious accommodation, *see Elmenayer*, 318 F.3d at 134-35, Plaintiff's claim accrued outside the three-year statute of limitations and is time-barred. Accordingly, Defendants' motion to dismiss Plaintiff's failure to accommodate claim is granted.

**IV. Claim For Constructive Discharge**

While acknowledging that Plaintiff never pled a cause of action for discriminatory constructive discharge, Defendants nonetheless argue that to the extent he is attempting to bring such a claim, it should be dismissed pursuant to Rule 12(b)(6). Mem. at 9. Plaintiff entirely ignores the fact that he never pled such a cause of action and merely asserts that Defendants

constructively discharged him, which is an adverse employment action. Opp'n at 17-20.

While it is unclear if Plaintiff is indeed trying to argue that his Amended Complaint should be read as asserting a second cause of action, the Court will not permit Plaintiff, who is represented by able counsel, to surreptitiously amend his complaint and add brand new claims though his opposition. *See Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) ("A party may not use his or her opposition to a dispositive motion as a means to amend the complaint."); *Auth Token LLC v. City Nat'l Bank*, 817 F. Supp. 3d 211, 222 (S.D.N.Y. 2026) ("The Court will not read the complaint to invent an unpleaded theory of liability."); *Guerrero v. Douglas*, No. 22-cv-1217 (NGG) (RER), 2023 WL 5020646, at *3 n.3 (E.D.N.Y. Aug. 7, 2023) ("The court is under no obligation to construe a counseled plaintiff's complaint as arguably raising claims it chose not to include.").

In any event, Plaintiff has failed to plead a viable claim for discriminatory discharge. To state a claim for religious discrimination under the NYCHRL, Plaintiff must allege that (1) he is a member of a protected class, (2) that he was qualified for the position, (3) that he was treated differently or worse than other employees and (4) that the adverse or different treatment occurred under circumstances giving rise to an inference of discrimination. *Harrington v. City of New York*, 157 A.D.3d 582, 584, 70 N.Y.S.3d 177, 180 (1st Dep't 2018); *see also Mihalik v. Credit Agricole Cheuvreux N. America, Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Here, however, Plaintiff "does not advance any facts regarding the period after the denial of his reasonable accommodation request and before the constructive termination to show that the termination was discriminatory or an act of retaliation, nor does he allege any remarks or actions by decisionmakers to show discriminatory intent." *Hunold v. City of New York*, 83 Misc. 3d 1288(A), 216 N.Y.S.3d 550 (N.Y. Sup. Ct. County 2024), *aff'd*, 248 A.D.3d 468, 257 N.Y.S.3d 5 (1st Dep't 2026). Rather, his own pleadings

demonstrate that he was warned that he would be terminated due to his unvaccinated status. *Id.* ("Plaintiff has not pleaded facts that show that his termination and/or constructive discharge were motivated by his religion rather than his status as unvaccinated."); *see also Vasquez v. City of New York - Off. of Mayor*, No. 22-cv-05068 (HG) (VMS), 2024 WL 1348702, at *8 (E.D.N.Y. Mar. 30, 2024), *reconsideration denied*, No. 22-cv-05068 (HG), 2024 WL 1886656 (E.D.N.Y. Apr. 30, 2024) ("Plaintiff's own pleadings demonstrate that he was fired for not complying with his employer's vaccination requirement, thereby providing an obvious alternative explanation for his termination that undermines his own cause by alleging facts that refute any inference of discrimination.") (citation modified); *D'Cunha v. Northwell Health Sys.*, No. 22-cv-0988 (MKV), 2023 WL 2266520, at *2 (S.D.N.Y. Feb. 28, 2023), *aff'd*, No. 23-476, 2023 WL 7986441 (2d Cir. Nov. 17, 2023) (finding that plaintiff failed to plead facts giving rise to an inference of discrimination because she alleged her employer terminated her because she failed to get vaccinated, "*not* because of her religion") (emphasis in original).

Accordingly, even if the Court were to reach this unpled claim, it fails.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted and Plaintiff's Amended Complaint is dismissed with prejudice. Plaintiff has already amended his complaint in response to Defendants' pre-motion letter concerning their anticipated motion to dismiss and Plaintiff has not sought leave to amend further. Further, in granting Plaintiff leave to amend in the face of Defendants' pre-motion letter, the Court made clear that "[t]his will be Plaintiff's last opportunity to amend the complaint in response to arguments raised in the Defendants' pre-motion letter." [ECF No. 11]. Accordingly, dismissal with prejudice is appropriate. *See Thompson v. City of New York*, No. 24-1051, 2024 WL 4586530, at *3 (2d Cir. Oct. 28, 2024) (no error in dismissing

with prejudice where plaintiff did not seek leave to amend and had previously been afforded an opportunity to amend); *Felder v. United States Tennis Ass'n*, 27 F.4th 834, 848 (2d Cir. 2022) ("[W]e certainly see no error or abuse of discretion in the District Court's dismissal of Felder's complaint with prejudice, as Felder did not request leave to re-amend.")

The Clerk of Court is respectfully requested to terminate docket entry 20 and close the case.

**SO ORDERED.**

**Dated: September 24, 2026**
**New York, New York**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**